## Case No. 15,145.

### UNITED STATES v. FOUR CASES OF LASTINGS.

[10 Ben. 371.] [1]

District Court, S. D. New York. March, 1879.

FALSE INVOICES — FORFEITURE — BONA FIDE PURCHASER — REV. ST. §§ 13, 2864.

1. The act of March 3, 1863, c. 76, § 1 (12 Stat. 738), provided that in case of the knowingly entering goods by means of a false invoice, etc.. the goods or the value thereof should be forfeited. In embodying this statute in the Revised Statutes (section 2864). the words "or the value thereof" were omitted, and the act of 1863 was repealed. By the act of 1875, c. 80 (18 Stat. 319), passed February 18, 1875, section 2864 was amended by restoring the words "or the value thereof." After the passage of the Revised Statutes, but before the passage of the amending act of 1875. certain goods were knowingly entered by means of false invoices:

---

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

2. *Held* that, under the statute in force at the time of the entry, the forfeiture of the goods was absolute, and that it was not a case of a forfeiture of the goods or of their value at the election of the United States, and therefore a transfer for value to a bona fide purchaser or pledgee before suit brought gave no title as against the United States.

[Cited in U. S. v. Auffmardt, 19 Fed. 901.]

3. That, if the act of 1875 was a repeal by implication of Rev. St. § 2864, the right of the United States was not thereby defeated, although the act of 1875 contained no saving clause as to forfeitures already incurred, because that act is subject to the provisions of Rev. St. § 13, which provides that "the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability under such statute unless the repealing act shall so expressly provide."

At law.

George Bliss, for the United States.
James M. Smith, for claimants.

CHOATE, District Judge. This is a motion for a new trial for error of law after a verdict for the government. The suit was by information to enforce a forfeiture against the goods seized. among other grounds as having been entered by means of a false invoice, under section 2864 of the Revised Statutes. By that section, the forfeiture declared is the forfeiture of the merchandise simply, without the alternative remedy for the value thereof, which was the form of the forfeiture declared by the act of 1863, of which this section is, with some changes, a re-enactment. The alleged unlawful entry took place while section 2864 was in force, and an absolute forfeiture of this kind with no alternative has been held to vest the title to the goods immediately in the United States. although a seizure and judicial proceedings were required afterwards to enforce it; but when these were had, the title of the United States, by relation, takes effect from the time of the unlawful entry, thus excluding any right or title, afterwards and before the seizure, acquired in the goods even by a bona fide purchaser or pledgee for value. Henderson's Distilled Spirits, 14 Wall. [81 U. S.] 57. After the entry but before the seizure or commencement of this suit, the act of February 18, 1875, entitled "An act to correct errors and to supply omissions in the Revised Statutes of the United States," was passed, whereby section 2864 was amended by inserting the words "or the value thereof" after the word "merchandise," so that from the time of the passage of this act the nature of the forfeiture declared for this particular illegal act is not an absolute forfeiture vesting the title at once in the United States, but a forfeiture at the election of the United States, not taking effect so as to vest the title till by seizure or suit brought that election is made. Caldwell v. U. S., 8 How. [49 U. S.] 366. Under this later statute the intervening title of a third party acquired in good faith and without notice is protected. Caldwell v. U. S., ut

supra. In this case the goods before the seizure had passed into the possession of the claimants, Field, Morris, Fenner & Co., auctioneers, who had made advances thereon to the consignee, and their good faith and entire want of notice of the illegal acts were not contested. The court was asked to instruct the jury that "if they believed that the claimants came into possession of the goods bona fide and without notice of any fraud on the government, the government cannot claim a forfeiture of the goods under section 2839 or 2864 of the statute after said goods came into the possession of the claimants." It is for alleged error in refusing this instruction that the motion for a new trial is made.

It is insisted by the learned counsel for the claimants that the act of 1875 repealed section 2864 of the Revised Statutes, substituting a new and different provision of law in its place, and that the repeal of a law imposing a penalty or forfeiture, even though the forfeiture is declared absolutely by the law repealed, takes away all remedy to enforce such forfeiture, unless the repealing act expressly saves the right to enforce such forfeiture accruing under the repealed statute. This familiar principle, as applied to the repeal of criminal and strictly penal statutes, has been also held applicable to statutes imposing forfeitures of the nature of that declared by the custom laws. The Rachel v. U. S., 6 Cranch [10 U. S.] 329; Yeaton v. U. S., 5 Cranch [9 U. S.] 281. See, also, Hartung v. People, 22 N. Y. 95; U. S. v. Passmore, 4 Dall. [4 U. S.] 372.

It is true that the act of 1875 contained no saving clause, and it may well be held to have operated as a repeal of section 2864 within the meaning of this rule; but it was subject to the provisions of section 13 of the Revised Statutes, which is as follows: "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability." Motion denied.